UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

V. R.,

      Petitioner,                              Case No. 1:26-cv-199

v.                                                     Hon. Hala Y. Jarbou

KRISTI NOEM et al.,

      Respondents.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 3, PageID.13.)

In an order entered on January 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on January 27, 2026,

(ECF No. 5), and Petitioner filed his reply on January 17, 2026, (ECF No. 6) and surreply on February 1, 2026 (ECF No. 7).[1]

## II.     Relevant Factual Background

Petitioner is a native and citizen of Iran. (Pet., ECF No. 1, PageID.1.; Johnson Decl. ¶ 4, ECF No. 5-1, PageID.54.) On February 27, 2022, Petitioner was admitted to the United States "as a nonimmigrant J1 visa holder." (Johnson Decl. ¶ 4, ECF No. 5-1, PageID.54.)

"Petitioner filed a Petition for Alien Worker based on his advance degree and exceptional ability, and a National Interest Waiver[,] which were approved by the U.S. Citizenship and Immigration Services . . . on February 23, 2024." (Pet., ECF No. 1, PageID.2.)

On April 14, 2025, "Petitioner was charged with the misdemeanor offense of simple assault." (Pet., ECF No. 1, PageID.2; Johnson Decl. ¶ 5, ECF No. 5-1, PageID.54.) Petitioner's "J-1 visa status was terminated on July 2, 2025." (Pet., ECF No. 1, PageID.2.) On July 14, 2025, ICE issued Petitioner a Form I-862, Notice to Appear (NTA), charging Petitioner with removability under "Section 237(a)(1)(B) of the Immigration and Nationality Act . . ., in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, [Petitioner] remained in the United States for a time longer than permitted." (NTA, ECF No. 1, PageID.15.) At that time, Petitioner "was placed in removal proceedings before the Detroit Immigration Court." (Pet., ECF No. 1, PageID.2.)

On July 28, 2025, the Detroit Immigration Court "denied [Petitioner's] request to be released on a bond because he did not demonstrate he was not a danger." (Johnson Decl. ¶ 7, ECF

---

[1] On February 3, 2026, Petitioner filed a motion for a temporary restraining order, asking the Court to take certain actions during the pendency of this action. (ECF No. 8.) As set forth herein, the Court will grant Petitioner's § 2241 petition, resolving the case. Therefore, Petitioner's request for the Court to take certain action during the pendency of the action, as set forth in his motion for a temporary restraining order (ECF No. 8) is moot.

2

No. 5-1, PageID.55.) Subsequently, on October 17, 2025, the Detroit Immigration Court denied Petitioner's application for asylum but granted withholding of removal. (*Id.* ¶ 10.) Both parties waived their right to appeal this order. (Order Immigration Judge, ECF No. 1, PageID.29.) On October 29, 2025, Petitioner pled no contest to "disorderly person jostling." (Ingham County Cir. Ct. Order, ECF No. 1, PageID.22.)

"On January 22, 2026, a 90-day Post Order Custody Review was conduct by [ICE Enforcement and Removal Operations (ERO)]," and "[a] decision was made to maintain detention as ERO Headquarters is actively working on identifying a third country for removal." (Johnson Decl. ¶ 14, ECF No. 5-1, PageID.56.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Discussion

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. (*See* Resp., ECF No. 5, PageID.45–47; Reply, ECF No. 6, PageID.59–62.) However, Petitioner contends that his detention is unlawful and that his detention violates the Due Process Clause of the Fifth Amendment because Petitioner was charged with removability under Section 237(a)(1)(B) of the INA, and in light of this, he does not "fall[] into the category of aliens in §1231(a)(6)" who may be detained more than 90 days pending

3

removal. (Reply, ECF No. 6, PageID.60; Pet., ECF No. 1, PageID.8–11.) In response, Respondents argue generally that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001); however, Respondents do not address Petitioner's argument that he does not "fall[] into the category of aliens in §1231(a)(6)" who may be detained more than 90 days pending removal. (*See generally* Resp., ECF No. 5.)

> Section 1231(a)(6) of Title 8 discusses detention beyond the removal period as follows:
>
> (6) Inadmissible or criminal aliens
>
> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). As noted above, in the NTA, Petitioner was charged with removability under Section 237(a)(1)(B) of the INA, codified at 8 U.S.C. § 1227(a)(1)(B), which is not one of the sections enumerated in § 1231(a)(6). (NTA, ECF No. 1, PageID.15.) The Court ordered Respondents to show cause why the writ of habeas corpus and other relief requested in the petition should not be granted (ECF No. 4, PageID.42), and Respondents do not address Petitioner's argument that he does not "fall[] into the category of aliens in §1231(a)(6)" who may be detained more than 90 days pending removal, and there is nothing in the record presently before the Court to indicate that Respondents have made a determination that Petitioner is subject to detention beyond the 90-day removal period for any of the other reasons provided for in § 1231(a)(6). Under these circumstances, based on the record presently before the Court, Respondents have not established that they have the authority to detain Petitioner under § 1231(a)(6) beyond the 90-day removal period.

4

## V. Other Claims and Other Forms of Relief

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of the other named Respondents.[2] The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the Detroit ICE Field Office Director, the Acting Director of ICE, and the Secretary for the Department of Homeland Security as Respondents.

## VII. Conclusion

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject, as applicable, to an order of

---

[2] The Court previously dismissed the Warden of North Lake Processing Center as a Respondent. (Order, ECF No. 4.)

supervision within five days of the date of this opinion and corresponding judgment. The Court will also order Respondents to file a status report within six days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.

Dated: February 20, 2026            /s/ Hala Y. Jarbou
                                                           HALA Y. JARBOU
                                                           CHIEF UNITED STATES DISTRICT JUDGE